UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-22886-CIV-MOORE/MCALILEY

MAYRA C. LAQUILLO,

        Plaintiff,

v.

CAROLYN COLVIN, COMMISSIONER
of SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Petition for Attorney's Fees Under 42 U.S.C. Section 406(b)(1)(A) of the Social Security Act. [DE 23]. That motion is actually filed by Plaintiff's counsel, who asks this Court to enter an award of attorneys' fees in his favor. This matter was referred to me by the Honorable K. Michael Moore and is fully briefed. [DE 24, 25, 26, 28]. For the reasons set forth below, I recommend that the motion be granted.

Section 406(b)(1)(A) provides that, when a court renders a judgment favorable to a claimant who was represented before the court by an attorney, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reasons of such judgment. . . ." 42 U.S.C. § 406(b)(1)(A). Here, Petitioner successfully represented Plaintiff in an appeal of the denial of her Social Security disability benefits, and on remand,

1

the Commissioner awarded Plaintiff benefits.

Consistent with the guidelines set forth in § 406(b)(1)(A), Plaintiff's retainer agreement provides that Petitioner will receive a contingent attorneys' fee of no greater than 25% of any award of past benefits if Petitioner is required to represent her in court. [DE 23-2]. The Commission has calculated Plaintiff's past due benefits, and determined that $11,009.75 is 25% of these benefits. [DE 23-1, p. 3]. Petitioner has filed time sheets showing that he devoted 25 hours of his time on this matter in this Court, and that his normal hourly rate in non-contingent matter is $300.00 an hour. [DE 23, ¶ 9, DE 23-3]. The government has no objection to Petitioner's request. [DE 28].

I have carefully reviewed the Petition, Petitioner's billing records, and the record in this matter, and find that the fees requested by Petitioner are reasonable. In making this determination, I recognize that Petitioner assumed this representation on a contingency fee basis, that Plaintiff did not prevail before the Commissioner, and that the burden on Plaintiff in seeking a reversal of the Social Security Commissioner's determination of no disability was high. These factors created a significant risk that Petitioner would not receive any compensation for his representation of Plaintiff in this matter.

Based on these considerations, I recommend that the Court award Petitioner $11,009.75 in total fees. Because Petitioner was partially compensated for the proceedings before this Court under the Equal Access to Justice Act, in the amount of $4,700.00 [DE 22], I recommend that the Court now award Petitioner $6,309.75, equal to the total award of $11,009.75 less the $4,700.00 already received under the EAJA

The parties may file any written objections to this Report and Recommendation with the Honorable K. Michael Moore no later than fourteen days from the date of this report and recommendation. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Locate v. Dagger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY SUBMITTED in chambers in Miami, Florida, this 22nd day of June, 2016.

CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable K. Michael Moore
Counsel of record